IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 18-12333(ELF) |
| MICHAEL G. JOHNSON and | : | CHAPTER 13 |
| PAULA A. JOHNSON | : | |
| | : | HEARING SCHEDULED FOR |
| Debtors | : | NOVEMBER 3, 2020 AT 9:30 A.M. |
| | : | UNITED STATES BANKRUPTCY COURT |
| | : | 900 MARKET STREET |
| | : | PHILADELPHIA, PENNSYLVANIA 19107 |

**MOTION OF ALLY FINANCIAL INC.
FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362(d) AND WAIVER OF 14 DAY
STAY OF EFFECTIVENESS OF ORDER AND FOR ABANDONMENT**

TO THE HONORABLE ERIC L. FRANK
OF THE BANKRUPTCY COURT:

Ally Financial Inc., by and through its attorneys, Lavin, Cedrone, Graver, Boyd & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(a) granting Ally Financial Inc. relief from the automatic stay and in support thereof avers:

1. Ally Financial Inc. is a corporation duly organized and in good standing under the laws of the State of Delaware and for purposes of this motion only, maintains a place of business at 4000 Lexington Avenue N, Suite 100, Shoreview, MN 55126.

2. On or about April 6, 2018, the Debtors filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about September 11, 2014, Michael Gerald Johnson (the "Debtor") executed and delivered to Motorworld Automotive Group (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2008 Chevrolet Trail Blazer, VIN: 1GNDT13S782254842 (the "Vehicle").  A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4. Dealer assigned the Contract to Ally Financial Inc. whereby the Debtor became obligated to Ally Financial Inc. under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5. Under the terms of the Contract, the Debtor agreed to pay the principal sum of $12,507.82, plus finance charges calculated at an annual percentage rate of 6.50% by remitting sixty (60) payments in the amount of $245.34 each beginning October 25, 2014.

6. As of and including the September 26, 2020 due Contract payment, the Debtors are in post-petition arrears to Ally Financial Inc. for $1,852.25.

7. The Vehicle is to be paid directly in the Debtors' plan.

8. The estimated value of the Vehicle is $3,700.00, less costs of repossession, preparation for sale and costs of sale.

9. The net payoff under the Contract totals $1,852.25.

10. The Contract requires the Debtor to maintain verifiable insurance coverage on the Vehicle and as of the petition date, Ally Financial Inc. was unable to verify insurance for the Vehicle.

11. The Debtor has defaulted on his obligations to Ally Financial Inc. under the Contract by reason of the foregoing, Ally Financial Inc. is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, including lack of adequate protection.

12. Ally Financial Inc. respectfully requests that the foregoing property be abandoned as property of the estate in accordance with 11 U.S.C. §554 and Bankruptcy Rule 6007(b).

13. Ally Financial Inc. requests that as permitted by Bankr. R. 4001(a)(3), the courts Order become effective immediately without the 14 day stay imposed by said rule.

WHEREFORE, Ally Financial Inc. moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to Ally Financial Inc. with respect to the Vehicle;

B. Permitting Ally Financial Inc. to take such actions and seek such remedies to recover the Vehicle as are permitted by the Contract, the Pennsylvania Uniform Commercial Code and other applicable laws;

C. Deeming the Vehicle abandoned; and

D. Granting such other and further relief as this Court may deem just and proper.

LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO

DATED: October 9, 2020     By: /s/ Regina Cohen
                               Regina Cohen, Esquire
                               Attorneys for Ally Financial Inc.